

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 20, 1957

Veterans' Land Board
General Land Office
Austin 14, Texas

Dear Sir:

Opinion No. WW-263

Re: What procedure is necessary
for the Veterans' Land Board
to replace lost bonds?

You advise this Department that "the holder of Veterans' Land Bonds numbered 8876 through 8885, Series 1954, has lost such bonds and has requested that such be replaced by the Board", and you request our opinion relative to the procedure to be followed by the Board.

The State of Texas, acting by and through the Veterans' Land Board, issued under constitutional and legislative authority 15,000 of its bonds, each of the denomination of one thousand dollars, aggregating fifteen million dollars and, collectively, designated as The State of Texas Veterans' Land Bonds, Series 1954.

The bonds were approved by the Attorney General, registered by the Comptroller of Public Accounts, and sold on the market.

Ten of these bonds held by the same owner are now alleged to have been lost. The bonds were not registered as to ownership. Consequently, they constitute ten general obligation bonds of the State of Texas, payable to bearer, in the principal amount of one thousand dollars each, bearing 2¼% interest, with coupons attached for semi-annual installments thereof. The principal sum not falling due until June 1, 1979, there were at the time of issuance fifty coupons annexed to each individual bond. Each coupon is payable to bearer.

Section 49-b of Article III, Constitution of Texas, is the basic law underlying the issue of bonds. The legislative enabling act is contained in Article 5421m, V.C.S.

The applicable portion of Article 5421m is found in Section 3 in the following language:

"All bonds issued under the provisions of this Act shall have, and are hereby declared to have, all

of the qualities and incidents of negotiable
instruments under the laws of this State.
The Board (Veterans' Land Board) is fully au-
thorized to provide for the replacement of any
bond which might have become mutilated, lost
or destroyed."   (Insert ours)

Although authorizing the Veterans' Land Board to pro-
vide for the replacement of any bond which might have become
mutilated, lost or destroyed, the Act itself does not state any
method or procedure for the replacement of bonds which are ei-
ther mutilated or have been lost or destroyed.  However, Section
21 of Article 5421m, V.C.S., provides in part as follows:

"The Board is hereby authorized and empow-
ered to make and promulgate such rules and regu-
lations under this Act as they shall deem to be
necessary or advisable, and to enforce the same."

It is the opinion of this office that although the Leg-
islature has not specifically provided any statutory method for
the replacement of bonds issued under the provisions of Article
5421m, V.C.S., which have been mutilated, lost or destroyed, the
Veterans' Land Board has the power to promulgate reasonable rules
and regulations providing a method for the replacement of any
bond which has been mutilated, lost or destroyed.  In promulgat-
ing such rules and regulations, it will be necessary that the
Board provide for adequate and complete protection for the State
of Texas against the possibility that the original bonds alleged
to be lost or destroyed are presented for payment, thereby cre-
ating a double liability against the State of Texas upon a single
obligation.

As a suggestion, we point out that any rules promul-
gated by your Board should include the following safeguards:

If the bond or coupon is claimed to be lost or destroy-
ed, the owner shall furnish the Board:

(1)  Proof of ownership.

(2)  Proff of loss or destruction.

(3)  Execute and file with said Board an indemnifying
bond in a sufficient amount, to be approved by said Board and
the Attorney General, conditioned that the parties thereto shall
pay all and any loss or damage that may be incurred or sustained
by the State on account of the bonds and coupons so claimed to
be lost or destroyed or those issued as replacements therefor,

and conditioned further that the applicant will hold the State harmless and will return to the Board, upon demand being made therefor, such duplicate bonds and coupons, or the amount of money named therein.  The indemnity bond in this case should run to the State of Texas, payable to the Governor, for the benefit of the Board and its fiscal and/or paying agent, and cover a period of time extended four (4) years beyond the maturity date of the bonds.

(4)  The replacement bond and coupons should be of substantially the same form and tenor as those originally issued, except that they will be signed by the appropriate persons in office at the time of such re-issuance.  In addition, each bond and coupon will state on the back thereof that it is issued in the place of such bond or coupon claimed to have been lost or destroyed and that adequate security for the payment thereof at maturity is filed with said Board.

(5)  Further, each coupon and each bond shall have endorsed on its face by the Board the word "DUPLICATE", or "REPLACEMENT", together with the date of its issuance.

(6)  The replacement bonds with appurtenant coupons shall be approved by the Attorney General and shall be registered as such by the Comptroller of Public Accounts, State of Texas.

(7)  All costs of preparing and issuing the new bonds and coupons should be borne by the owner.

SUMMARY

Neither Article III, Section 49-b, Constitution of Texas, nor Article 5421m, V.C.S., provides any specific method for the replacement of mutilated, lost or destroyed bonds issued by the State of Texas through the Veterans' Land Board.  The Veterans' Land Board is authorized and empowered to make rules and regulations to provide for the replacement of such bonds which have been mutilated, lost or destroyed.

Yours very truly,

WILL WILSON
Attorney General of Texas

By C. K. Richards

C. K. Richards
Assistant

CKR:zt:wb

Veterans' Land Board, page 4   (WW-263)


APPROVED:

OPINION COMMITTEE

W. V. Geppert
Mrs. Marietta McGregor Payne
Milton Richardson
Richard Stone
Weyland Rivers